UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN WATKINS, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1028 |
| | : |
| ROBERT SHANNON, ET AL., | : (Judge Kosik) |
| | : |
| Respondents | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Steven Watkins filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and memorandum in support thereof on May 22, 2006. (Docs. 1, 2.) He is currently confined at the State Correction Institution at Frackville, Pennsylvania, and has paid the required filing fee. Named as Respondents are Robert Shannon, Superintendent at SCI-Frackville, and the Pennsylvania Board of Probation and Parole ("Board"). In the petition, Watkins contends that the Parole Board's decisions denying him parole were arbitrary, capricious, an abuse of discretion and not supported by the record. As such, he claims he was denied due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.[1] He does not dispute the fact that he has not attempted to exhaust his claims. Following an enlargement of time, a response to the petition, supporting memorandum and exhibits were submitted by Respondents on July 14, 2006. (Docs. 15,

---

[1] The dates of the specific parole denial decisions referenced in the petition are January 18, 2004; October 6, 2004; September 16, 2005 and March 17, 2006.

16.)  Watkins filed a reply to the responsive materials on July 31, 2006.  (Doc. 17.)  The petition is ripe for consideration and, for the reasons that follow, will be denied.

## II.  BACKGROUND

Petitioner has convictions dating back to 1985 in Philadelphia County, Pennsylvania on charges of aggravated assault and criminal trespass.  (Doc. 15, Ex. A.)  He was paroled on May 11, 1988 with respect to these crimes and, while on parole, committed other crimes for which he was detained pending disposition of the new crimes.  (Id., Ex. B.)  Petitioner was subsequently convicted on the new crimes of simple assault, aggravated assault, two counts of rape, possessing an instrument of a crime, involuntary deviate sexual intercourse and robbery.  (Id., Ex. D.)  He received an aggregate sentence of 11 years 6 months to 23 years.  (Id., Ex. E.) On April 13, 1994, the Parole Board recommitted Petitioner as a technical and convicted parole violator on his initial sentence and ordered him to serve 24 months of backtime.  (Id., Ex. F.)  This Order was later modified by the Board on August 1, 1994, directing that Petitioner serve 3 years, 11 months and 8 days on the recommital time with the expiration of the parole violation maximum sentence on November 24 ,1997.  (Id., Ex. G.)  The new sentences had an effective date of September 27, 1992, with an expiration of the minimum sentence on March 27, 2004, and the maximum sentence occurring on September 27, 2015.  (Id.)

The Parole Board thereafter reviewed and refused reparole to Petitioner in January 2004, October 2004, September 2005 and March 2006.  (Doc. 2, Exs. B-E; Doc. 15, Exs. H-K.)  Petitioner filed the instant habeas corpus action on May 22, 2006, challenging these reparole denials on the basis that the Parole Board's decisions were arbitrary, capricious, an abuse of discretion and unsupported by the record.  (Doc. 1, Pet. at 6.)

Dismissal of the petition is sought by Respondents on the basis that Petitioner has failed to

exhaust his available state court remedies. In the alternative, Respondents maintain that the claims raised in the petition lack merit.

### III.   DISCUSSION

#### A.   Exhaustion

Respondents first contend that Petitioner was required to exhaust his state court remedies, via a writ of mandamus, prior to filing the instant § 2254 petition. Petitioner argues that state court remedies are not available for claims of constitutional violations in parole decisions. In support of his argument, Petitioner cites to the Third Circuit Court of Appeals decision in DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005), cert. denied, 125 S.Ct. 2970 (2005). The court must agree with Petitioner in that the Third Circuit has held "... that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion." DeFoy, 393 F.3d at 445. While Respondents attempt to distinguish DeFoy by arguing that the Third Circuit only addressed whether exhaustion was required in the context of bringing a Fifth Amendment challenge, this court interprets the holding in DeFoy to be much broader - - including all claims of constitutional violations with the exception of ex post facto claims which still require exhaustion under the principles set forth in DeFoy. See Porter v. Grace, 1:CV-05-0681 at 3 (M.D. Pa. March 13, 2006)(Caldwell, J.). While Respondents then attempt to argue that Petitioner could have reasonably believed he still needed to seek a writ of mandamus prior to filing his claim in federal court, the court disagrees. The DeFoy decision was issued in January of 2005 and the instant petition was not filed here until May of 2006. Based upon such, there clearly existed a reasonable basis for Petitioner to believe he did not have to exhaust his due process claims prior to filing his habeas action in federal court.

**B.     Merits of Due Process claims**

The gravamen of the instant petition is the Parole Board's alleged violation of Petitioner's Fifth and Fourteenth Amendment due process rights in denying him reparole on the basis that the Board's actions were arbitrary, capricious, an abuse of discretion and without support in the record. The court disagrees. The Due Process Clause applies only when the government deprives a person of liberty or property. "[T]here is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Additionally, while a state may create a liberty interest which is protected by the Due Process Clause, see Sandin v. Connor, 515 U.S. 472, 484 (1995), Pennsylvania has created no such interest within its discretionary parole system. See Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996). Instead, parole is considered to be "a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." See Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319, 322-23 (Pa. 1999). There simply is no constitutionally protected liberty interest in the expectation of being paroled. As such, the denial of parole itself cannot constitute a procedural due process violation inasmuch as there is no liberty interest in parole release. Thus, any such claim by Petitioner is wholly without merit.

A parole denial can, however, give rise to a substantive due process deprivation if it is based on constitutionally impermissible reasons. See Burkett v. Love, 89 F.3d at 139-140. The Board may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Id. citing Block v. Potter, 631 F.2d 236 (3d Cir. 1980). Even though the granting of parole is discretionary, the Parole Board cannot act in a manner which is arbitrary. See Hargrove

4

v. Pennsylvania Bd. of Probation and Parole, Civ. No. 99-1910, 1999 WL 817722, *7 (E.D. Pa. Oct. 12, 1999).  Federal courts, however, "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).  A substantive due process violation will be found where the Parole Board grounds its actions on "constitutionally impermissible reasons."  Burkett at 139-140.  In the instant case, there is nothing in the record to suggest that the Board based its denials of parole on unconstitutional grounds.  Rather, the record reveals that a rational basis for the challenged decisions does exist.

The reasons, as set forth by the Parole Board in each of its decisions denying parole, are not outside the Board's discretion, which is very broad.  The reasons for denial of parole set forth in January 2004 included the following: two or more Class I Misconducts within the last 12 months or the last one-half of the minimum, whichever is longer; substance abuse; habitual offender; assaultive instant offense; very high assaultive behavior potential; victim injury; weapon involved in the commission of the offense; Petitioner's need for treatment; and an unfavorable recommendation from the DOC.  Each of these factors was a permissible consideration.  The Board recommended that Petitioner participate in sex offender treatment and maintain a clear conduct record prior to his next parole review.  (Doc. 15, Ex. A, 1/04 denial.)  The next review took place in October of 2004.  Parole was denied based upon the following considerations: Petitioner's version of the nature and circumstances of the offense committed; the DOC's recommendation; Petitioner's prior history of supervision failures; reports, evaluations and assessments concerning Petitioner's physical, mental and behavior condition and history; Petitioner's need to participate in and complete additional institutional programs; Petitioner's institutional behavior, including reported misconducts or CCC failure; and his interview with the Board member/Hearing Examiner.  Petitioner was informed that

the following factors would also be considered at his next review: whether he had participated in Phase III of the Sex Offenders Program; whether he received a favorable recommendation for parole from the DOC; Petitioner's efforts to secure an approved home plan; and updated Sex Offender Program and Mental Health evaluations. (Id. at Ex. I, 10/04 denial.)

Petitioner was reviewed and denied parole again on September 16, 2005. The reasons set forth by the Board in support of their decision included Petitioner's prior history of supervision failures and his need to participate in Phase III of the Sex Offender Program. Petitioner was informed that at the time of his next interview for parole, the Board would review his existing file as well as consider whether he participated in and successfully completed Phase III of the Sex Offender Program; whether he received a favorable parole recommendation from the DOC and whether he maintained a clear conduct record and completed the DOC prescriptive program(s). (Id. at Ex. J, 9/05 denial.) On March 17, 2006, Petitioner received his next review for parole. The reasons supporting the denial of parole at this time were as follows: Petitioner's minimization/denial of the nature and circumstances of the offenses committed; his lack of remorse for the offenses committed; his prior history of supervision failures; reports, evaluations and assessments concerning his mental and behavioral condition and the history that reflects ongoing risk to the community; and his need to participate in and complete additional institutional programs. He was informed that his next review would be in or after February of 2008. Considerations for the next review included whether Petitioner had (1) continued to participate in a Sex Offenders Program; (2) maintained a favorable recommendation for parole from the DOC; and (3) maintained a clear conduct record and completed the DOC prescriptive programs. (Id. at Ex. K, 3/06 denial.)

As previously stated, the Board may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Burkett, 89 F.3d at 139-40. "Essentially, the

6

duty of the parole board when reviewing applications for parole is to act in a manner that avoids making the parole process arbitrary, even through the granting of parole is a discretionary matter. . . ." See Hargrove 1999 WL 817722, at *7.  Pennsylvania law grants the Board a large measure of discretion in parole decisions.  Permissible considerations include the conduct of the inmate when in prison and his physical, mental and behavioral condition and history.  The Board set forth the reasons supporting its denials and it cannot be said that they are arbitrary reasons not in the best interests of the inmate and rationally related to the legitimate interests of the Commonwealth.

While it is not this court's function to second-guess the decisions of the Parole Board, we will address the following arguments raised by Petitioner.  Petitioner challenges the Board's remarks that he has failed to participate in the required Sex Offender Treatment Programs, and attaches evidence in support of this assertion.  The court points out, however, that the parole denials specifically reference Petitioner's failure to participate and/or complete Phase III of the Sex Offenders Program and Petitioner supplies no evidence that he has done so.  Further, the failure to complete the Sex Offenders Program was only one factor cited by the Board in support of its decisions.  Petitioner further argues that certain considerations given weight by the Parole Board in later denial decisions were not even mentioned in the earlier denial decisions.  This argument is not persuasive.  In each of its denials, the Board sets forth multiple factors upon which it based its decision to denial parole.  Parole decisions must only have a rational basis supported by permissible factors.  There is no requirement that each denial include an exhaustive list based upon all previous denials.

For all of the foregoing reasons, the instant petition for writ of habeas corpus will be denied.  An appropriate Order follows.

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN WATKINS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-06-1028 |
| | : | |
| ROBERT SHANNON, ET AL., | : | (Judge Kosik) |
| | : | |
| Respondents | : | |

**O R D E R**

**AND NOW, THIS 16th DAY OF OCTOBER, 2006**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

3. There is no basis for the issuance of a certificate of appealability in this matter.


                                                       s/Edwin M. Kosik
                                                       United States District Judge